ELIZA M. GREGORY

*v.*

AUGUST INGWERSEN.

In consideration of the conveyance of a strip of land lying between the buildings of complainant and defendant, the latter agreed to construct, on such strip, stairs for the use of both buildings, of a certain

width, and with the platforms built so as to enter the several stories of complainant's building on a level. Specific performance decreed, even after the defendant had finished his own building and also the stairs, the latter not conforming to the agreement, either in width or in the location of the platforms.

Bill for specific performance. On final hearing on pleadings and proofs.

*Mr. J. P. Jackson,* for complainant.

*Mr. John Linn,* for defendant.

THE CHANCELLOR.

This is a bill for specific performance of a building contract, made September 11th, 1875. The parties were, at that time, as they still are, owners of adjoining land on Montgomery street, Jersey City. On each property there was then a building. The defendant, then intending to replace the building on his lot with a better one, desired, with a view to greater width for the new building, to obtain title for a strip five feet wide, of the complainant's lot, adjoining his lot. The complainant's building did not stand on that five feet, but there was on it an outside stairway of the building. The defendant applied to the complainant to sell him the five feet, and thereupon it was agreed between them (the complainant was in Europe, and her son acted as her agent in the whole matter) that she would sell the five feet, with certain party-wall privileges, to the defendant, for the consideration of $4,200, and, among other things, his covenant, securing to her an entrance into all the stories of her building on her lot by a stairway on and over the five-feet strip.

By that part of the covenant which is material in this suit, the defendant agreed to build upon his lot and on the strip a building, according to plans and designs made by an architect therein mentioned, and then shown to the com-

Gregory v. Ingwersen.

plainant's agent, and to construct for the perpetual joint use of his own building and the building of the complainant, an entrance-way eight feet in the clear, and to furnish access thereby to all the stories of the complainant's building, above the stores therein; the stairway to be at least four feet three inches wide (and to be kept in proper repair and cleanliness by the defendant, and to be kept open day and night for the use of the complainant's building), and to construct proper openings in the party wall, and proper platforms at those openings, on a level with the floors of the complainant's building, and to finish them in all respects so that she might insert doors and frames therein at the platforms; and the defendant was to receive one hundred dollars a year from the owners of the complainant's building as compensation or rental for such right of way.

The complainant conveyed the strip to the defendant, according to the provisions of the agreement, and the latter proceeded to put up his building. Instead of making the stairway of the width of at least four feet and three inches, according to the covenants and the specifications for the building, he made it (he himself directing the architect to make the alteration) but three feet and nine or ten inches wide, and instead of constructing platforms on a level with the floors of the complainant's building the openings were so constructed that at the third story of the complainant's building there is a descent of one foot and four inches, and the platform at the fourth story, according to the provision made therefor, will be three feet and five inches above the floor.

Obviously, there is, both in the stairway and in the openings, a material departure from the provisions of the covenant. The defendant, by his answer, alleges that he strictly performed the covenant; that the stairway was constructed in all respects in the manner provided for by the covenant, and that he constructed all the openings in the party-wall and the platform thereat as required by the covenant; that by the covenant he agreed to construct

the building according to the plans and designs of the
architect, and that the plans and specifications were shown
to the complainant's agent before and at the time of the
execution of the contract, and that they clearly showed the
size, measurements and finish of the building, with the stair-
way, platforms and openings and other things required to
be done by the defendant under the contract, and that the
building and every part thereof were constructed according
to the plans and specifications; and further, that the com-
plainant's agent, from time to time, inspected the building
during the progress of the work, and gave directions to the
architect and workmen as to the manner in which he
desired that the things stipulated for in the contract should
be done, and that they were all done to his satisfaction.

The contract was made after the plans and specifications
had been drawn and adopted. Though they showed a
design on the part of the defendant to make the platform
at the third floor of the complainant's building, at the place
where it has been put, and at the fourth floor, according to
the provision now made for a platform, yet it is to be remem-
bered that the contract was made after the plans and speci-
fications were adopted by the defendant, and it not only
does not provide that the platforms are to be placed at the
places indicated on the plans or in the specifications, but it
provides explicitly that the platforms shall be on the level
of the floors and not at the places designated on the plans.

The complainant's agent testifies that when the plans
were drawn the architect wished to make the second story
of the defendant's building higher than the third (corres-
ponding) story of the complainant's building; that he at
first objected, but afterwards consented, on condition that
the difference should not be more than three or four inches.
It was built one foot and four inches higher. He says he
did not discover that it had been so built until the building
was very near completion, and he then, as soon as he dis-
covered it, spoke to both the defendant and the architect
about it, but they gave him no satisfaction—said " it would

not make any difference;" "would be all right." Though he did not complain with regard to the stairway until about eleven months after the building was finished, it does not appear that he was before that time aware that it had not been constructed of the width stipulated for in the contract. He testifies that though he was in the defendant's building several times while it was in the course of construction, he made no special examination as to the way in which it was being built, with reference to the matters which were the subject of the contract, because he thought the agreement would be fully carried out, and he explicitly states that he gave no directions to either the architect or the workmen with regard to the stairway, and never authorized them to build it any narrower than four feet and three inches. He adds that when the contract was drawn he was desirous of having the stairway wider than four feet and three inches. He would have had it five feet wide.

The architect, who was sworn for the defendant, testifies that it was the defendant who authorized him to make the stairway narrower than the contract required, and that four feet and three inches was the width shown on the plans. He does not deny that the complainant's agent complained, during the progress of the building, and when the openings were being made in the party-wall to lead to the floor of the complainant's building, that the contract was not being carried out. He says that the defendant's building might have been made to conform, during the progress of the work, to the contract, with respect to the openings and platforms, at an expense of about $100, and that it can now be done at an expense of $300 or $400. Though the defendant may, and probably will, be put to considerable expense in altering the stairways so as to make them conform to the requirements of the contract, that consideration will not avail to prevent the court from compelling a performance of the contract. The complainant has no adequate remedy at law. The covenant was part of the consideration of the conveyance of the strip to the defendant. Equity will

enforce building contracts under such circumstances as this case presents. *Franklyn* v. *Tutton, 5 Madd. 469; Price* v. *Corporation of Penzance, 4 Hare 506; Sanderson* v. *Cockermouth &c. R. Co., 11 Beav. 497; Fry on Spec. Perf. 21.*

The defence is not sustained. There will be a decree for the complainant.